**Opinion issued August 18, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00236-CV

———————————

**LISA RODRIGUEZ, Appellant**

**V.**

**UNIVERSAL SURGICAL ASSISTANTS, INC., Appellee**

———————————

**On Appeal from the 458th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 18-DCV-258012**

———————————

## MEMORANDUM OPINION

In this interlocutory appeal,[1] appellant, Lisa Rodriguez, challenges the trial

court's denial of her motion to dismiss the claims of appellee, Universal Surgical

---

[1]     *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.008, 51.014(a)(12).

Assistance, Inc. ("Universal Surgical"), under the Texas Citizen's Participation Act ("TCPA").[2]  In two issues, Rodriguez contends that the trial court erred in denying her motion to dismiss.

We affirm.

## Background

In its petition and request for temporary restraining order, Universal Surgical, a provider of third-party medical billing services, alleged that it developed and maintains proprietary methodology and processes for medical billing that it taught to Rodriguez, a former employee.

Rodriguez began her employment with Universal Surgical as manager of its Universal Surgical billing department in April 2014.  She signed a Non-Competition Agreement with Universal Surgical that prohibited her from "directly or indirectly engag[ing] in any business" within a sixty-mile radius of Houston, Texas that competes with Universal Surgical "[f]or a period of [two] years after the effective

---

[2]  *See id.* §§ 27.001–.011.  The Texas Legislature amended the TCPA in June 2019, but the amendments apply only to an action filed on or after September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 TEX. SESS. LAW SERV. 684 (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011).  The 2019 amendments, which, among other things, provided clarification for the TCPA's application, do not apply here.  Because the former version of the TCPA applies to this case, all citations to the statute herein are to the TCPA as it existed before September 1, 2019.

date of th[e] [a]greement . . . ."[3]   During her employment, Universal Surgical instructed Rodriguez on how to use its billing methods and processes, and it provided her with password-protected access to its proprietary information.

Rodriguez ended her employment with Universal Surgical on December 3, 2018.  Immediately thereafter, she went to work for American Surgical Professionals in Fort Bend County, Texas—a competing company with its own medical billing department.  Two weeks after leaving Universal Surgical, Rodriguez contacted Rachelle Shaw, a Universal Surgical employee who had worked under Rodriguez's supervision.  Rodriguez told Shaw that she had left a notebook in her former office and asked her to deliver it to her.  Before sending the notebook, Shaw looked at its contents and found that the notebook did not contain Rodriguez's personal information; rather, it contained information about Universal Surgical's billing systems.  Shaw returned the notebook to the office and reported Rodriguez's request to Universal Surgical.[4]

Universal Surgical brought claims against Rodriguez for violations of the Texas Uniform Trade Secret Act, breach of the contract, tortious interference with existing contractual relations, conspiracy, breach of fiduciary duty, and a declaratory

---

[3]   Universal Surgical attached a copy of the Non-Competition Agreement to its petition.

[4]   Universal Surgical attached the declaration of Shaw to its petition.

judgment. Universal Surgical sought damages, declaratory and injunctive relief, and attorney's fees.

Rodriguez answered and moved to dismiss Universal Surgical's claims against her under the TCPA,[5] arguing that Universal Surgical's claims should be dismissed because they are based on, or related to, Rodriguez's exercise of the right of association and the right of free speech. After Universal Surgical responded, the trial court denied Rodriguez's motion.

## Standard of Review

We review de novo a trial court's ruling on a TCPA motion to dismiss. *See Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). In making this determination, we view the pleadings and evidence in a light most favorable to the nonmovant. *Schimmel v. McGregor*, 438 S.W.3d 847, 855–56 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

## TCPA Motion to Dismiss

In her first issue, Rodriguez argues that the trial court erred in denying her motion to dismiss Universal Surgical's claims against her because she met her burden to show that the claims against her are based on, or related to, her exercise of the right of association and the right of free speech.

---

[5]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a).

Under the TCPA, a defendant may move to dismiss a "legal action" that is "based on, relate[d] to, or . . . in response to a party's exercise of the right of free speech, right to petition, or right of association." TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a); *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019). "The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015); *see KTRK Tel., Inc. v. Robinson*, 409 S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

The TCPA requires that a trial court deciding a motion to dismiss "shall consider the pleadings and supporting and opposing affidavits" filed by the parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a). The statute provides a three-step process to determine whether a lawsuit or claim should be dismissed. *Creative Oil & Gas*, 591 S.W.3d at 132; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003 ("Motion to Dismiss"), 27.005 ("Ruling").

Under the first step, a movant must show by a preponderance of the evidence that the TCPA applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). The TCPA applies if the nonmovant's "legal action"—defined as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief"—is based on, related to, or

in response to the movant's exercise of (1) the right of free speech, (2) the right to petition, or (3) the right of association. *Id.*; *In re Lipsky*, 460 S.W.3d at 586–87.

If the movant shows that the TCPA applies, then the burden shifts to the nonmovant under the second step to establish by "clear and specific evidence a prima facie case for each essential element" of its claim. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *In re Lipsky*, 460 S.W.3d at 587. If the movant meets the first step, but the nonmovant does not meet the required showing of a prima facie case, the trial court must dismiss the nonmovant's claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005. Under the third step, even if the nonmovant satisfies the second step, the court will nonetheless dismiss the claim if the movant proves by a preponderance of the evidence the essential elements of a valid defense to the [nonmovant's] claim." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d); *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018).

A nonmovant can avoid the TCPA's burden-shifting requirements by showing that one of the Act's several exemptions applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.010.

According to Universal Surgical's petition, Rodriguez misappropriated its confidential and proprietary information and solicited its employees to benefit her new employer. Since Rodriguez filed her appellant's brief, this Court held en banc that the associational rights protected by the TCPA are public in nature and thus do

not include acts in furtherance of private business interests like the ones between Rodriguez and her new employer. *See Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 475–76 (Tex. App.—Houston [1st Dist.] 2020, pet. filed) (en banc) (op. on reh'g); *see also Nat'l Signs, Inc. v. Graff*, No. 01-18-00662-CV, 2020 WL 2026321, at *3–4 (Tex. App.—Houston [1st Dist.] Apr. 8, 2020, no pet.) (mem. op.).

To the extent that Rodriguez also asserts that Universal Surgical's claims were based on her exercise of her right of free speech, that claim also fails. The TCPA defines "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3). Rodriguez's communications with her employer were not "made in connection with a matter of public concern" because they had "no potential impact on the wider community or a public audience of potential buyers and sellers," having "no public relevance beyond the pecuniary interests of the private parties." *Gaskamp*, 596 S.W.3d at 477. We thus conclude that Rodriguez did not meet her burden of showing, by a preponderance of the evidence, that Universal Surgical's claims are based on, related to, or in response to the exercise of her right of association or her right of free speech. We hold that the trial court did not err in denying Rodriguez's motion to dismiss.

We overrule Rodriguez's first issue.[6]

## Conclusion

We affirm the trial court's order denying Rodriguez's TCPA motion to dismiss.

Julie Countiss
Justice

Panel consists of Chief Justice Radack and Justices Lloyd and Countiss.

---

[6] Because Rodriguez's first issue is dispositive, we need not address her second issue. *See* TEX. R. APP. P. 47.1.